IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT EARL TIPPENS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11CV71–HEH |
| ) | |
| CENTER FOR THERAPEUTIC ) | |
| JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION
**(Adopting Report and Recommendation and Dismissing § 1983 Action)**

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**
Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
  "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Tippens's entire statement of his claim reads as follows:[1]

> Claim 1-I was transferred from Mecklenburg Jail to Blue Ridge Regional Jail in Halifax County because there was contention between myself and trial counsel. Therefore, I sought to fend for myself in court, only Mecklenburg officials denied me access to the court. Once transferred to Blue Ridge Regional Jail, I received what appears to be a threat (see attached letter).[2] I told my wife how I fear I will be killed and not to come to Virginia to visit because someone may attempt to hurt her and our kids. All happened on April 23, 2010. Violated my 14th Amendment Right
>
> Claim 2-Then on November 17, 2010 had a doctors call out due to severe head pains and extremely high blood pressure. However, once I was escorted to the medical unit, I was locked in the medical observation cell where human waste and other human bodily fluids were so bad I literally got sick. Nurse Trilkey locked me in the cell. I called out to Nurse Trilkey to let me out or give me some bleach to clean the cell. Nurse Trilkey refuse to let me out, I continue to vomit. The only alternative I had of getting out was to refuse medical attention, which I did. At which time Nurse Trilkey let me out, I was told by Nurse Trilkey to sign the waiver form, which stated I was feeling better. Was escorted back to my assigned housing unit. I wrote L.T. Walker an inmate request concerning the matter. The following day, November 18, 2010, L.T. Walker addressed my request/complaint, and

---

[1] The Court has corrected the capitalization, punctuation, and spelling in the quotations to Tippens's submissions.

[2] The referenced letter is from the Center for Therapeutic Justice and is signed by Michael D. McBride. The entirety of the letter reads:

April 23, 2010

Hello Robert:
    Just a quick note to remind you that you can run, but you can't hide, at least not in VA DOC. I guess it has been confirmed; you are a thorn in the side of Mecklenburg County. Maybe now you have access to law library and recreation. Hope you settle in well and continue to do you [sic]. Love and Peace.

(Compl. Ex. C (all errors in original).)

3

> told me Nurse Mills backed up my complaint and I would have to be transferred for my own safety. The matter concerning defendants Elton W. Blackstock and Nurse Trilkey violated my Eighth (8th) Amendment right of the United States Constitution. The letter has cause my family as well as myself mental anguish, fear, and emotional distress.

(Compl. 5, 7 (citation omitted).) Plaintiff names as defendants the following entity and individuals: the Center for Therapeutic Justice ("CTJ"); V. Morgan Moss Jr., apparently a co-director at the CTJ; Michael David McBride, a community coordinator for the CTJ; Elton W. Blackstock, the administrator for the Blue Ridge Regional Jail; and Nurse Trilkey. Plaintiff names the CTJ, Moss, and McBride with respect to Claim 1 and Blackstock and Trilkey with respect to Claim 2. As explained below, the defendants named in Claim 1 are not properly joined in the same complaint with the defendants named in conjunction with Claim 2.

### Dismissal of Improperly Joined Claims and Parties

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). When a plaintiff seeks to bring multiple claims against multiple defendants, he must satisfy Federal Rule of Civil Procedure 20(a), which provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (*quoting Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (*quoting Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.*

(*quoting Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (*citing George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." *Id.* (*citing* 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

Here, Claim 1, concerning the allegedly threatening letter from the CTJ, and Claim 2, regarding Plaintiff's confinement in a dirty cell, do not arise out of the same transaction or occurrence and do not present common questions of law and fact. Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Here, the events that are the subject of Claim 2 occurred in the Western District of Virginia and the defendants reside in the Western District of Virginia. Thus, venue for that claim is appropriate in the United States District Court for the Western District of Virginia. 28 U.S.C. § 1391(b).

Under such circumstances, it is appropriate to drop Defendants Blackstock and Trilkey, dismiss Claim 2, and allow Tippens to file a new complaint raising that claim in the United States District Court for the Western District of Virginia. *See Coles*, 2011 WL 3703117, at *4 (employing a similar procedure). Accordingly, it is RECOMMENDED that Claim 2 be DISMISSED WITHOUT PREJUDICE.

### Analysis of Claim 1

In Claim 1, Plaintiff contends that his rights under the Fourteenth Amendment[3] were violated when he was threatened in the letter from the CTJ. First, the letter in question does not specifically suggest the writer intended Plaintiff any harm. Second, threatening comments, without more, do not violate the Constitution. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivation under § 1983); *Moody v. Grove*, No. 89–6650, 1989 WL 107004, at *1 (4th Cir. Sept. 19, 1989). However, "a verbal threat combined with action apparently designed to

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

5

carry out that threat may state an Eighth Amendment claim." *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010) (*citing Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978). Because the CTJ letter was not coupled with overt effort to harm Plaintiff, he has failed to state a constitutional violation. *See id.* Accordingly, it is RECOMMENDED that Claim 1 and the action be DISMISSED. It is further RECOMMENDED that Plaintiff's Motion for Summary Judgment (Docket No. 17) be DENIED.

(December 28, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S OBJECTIONS

In objections 1, 2, 11, 13, 14, and 15, Plaintiff objects to the Magistrate Judge's proposal to dismiss Claim 2 because it is not properly joined with Claim 1 and the Magistrate Judge's conclusion that venue for Claim 2 lies in the Western District of Virginia. Plaintiff asserts that the Court somehow acted unfairly in collecting a filing fee and then recommending dismissal of Claim 2. Plaintiff is wrong. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees . . . .").

Plaintiff also suggests that venue for Claim 2 is found in the Eastern District of Virginia because Plaintiff resided in the Eastern District of Virginia at the time he filed his complaint. Plaintiff is incorrect. Because Claim 1 is not properly joined with Claim 2, venue of Claim 2 lies in the Western District of Virginia. *See* 28 U.S.C. § 1391(b).[4] Furthermore, Plaintiff fails to demonstrate that transferring Claim 2 to the Western District of Virginia, rather than dismissing Claim 2 without prejudice, would promote the

---

[4] The pertinent statute provides:
(b) **Venue in general.** --A civil action may be brought in--

>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

7

interests of justice. *See* 28 U.S.C. § 1406(a) (permitting transfer of action filed in the wrong district where transfer would further the interests of justice). Objections 1, 2, 11, 13, 14, and 15 will be overruled.

In his remaining objections, Plaintiff touts the merits of Claim 2 and contends his *pro se* status entitles him to additional consideration by the Court. The Report and Recommendation did not address the merits of Claim 2. Thus, Plaintiff's objections wherein he describes the merits of Claim 2 are not relevant. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (emphasizing that objections must "direct the court to a specific error in the magistrate's proposed findings and recommendations" (citing *United States v. Mertz*, 376 U.S. 192 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980))). Furthermore, Plaintiff's *pro se* status does not permit him to ignore the rules regarding the proper joinder of claims. *See George*, 507 F.3d at 606–07; *cf. Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (observing that a pro se "litigant acquiesces in and subjects himself to the established rules of practice and procedure" (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Larkin v. United Ass'n of Plumbers & Pipefitters*, 338 F.2d 335, 336 (1st Cir. 1964))). Accordingly, Plaintiff's remaining objections will be overruled.

## IV. CONCLUSION

Plaintiff's objections will be overruled. The Report and Recommendation will be accepted and adopted. Claim 1 will be dismissed with prejudice. Claim 2 will be dismissed without prejudice. Plaintiff's Motion for Summary Judgment will be denied.

The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

                                                            /s/

Date: March 8, 2012
                                 HENRY E. HUDSON
Richmond, Virginia               UNITED STATES DISTRICT JUDGE